# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| CHARLES LEONARD MYERS, | § | |
| | § | |
| V. | § | A-08-CA-474-LY |
| | § | |
| NATHANIEL QUARTERMAN | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To: The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 13); and Petitioner's response thereto (Document 14). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

**A.      Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 147th Judicial District Court of Travis County, Texas, in cause number D1-DC-06-904096, styled <u>The State of Texas v. Charles Leonard Myers</u>. Petitioner was indicted for burglary of a habitation with intent to commit unlawful interception of wire

communication (Count I) and unlawful interception of wire communications (Count II). Petitioner pleaded not guilty to both counts and was tried by a jury. The jury found Petitioner guilty as charged, and on October 16, 2006, the jury sentenced him to five years imprisonment for the unlawful interception of wire communications and 10 years probation for the burglary of a habitation with intent to commit unlawful interception of wire communications.

Petitioner appealed his convictions to the Third Court of Appeals of Texas. Myers v. State, No. 03-06-00661-CR, slip op. (Tex. App. – Austin 2007). After the State and Petitioner filed briefs, Petitioner withdrew his appeal, and his appeal was dismissed on April 24, 2007. On July 30, 2007, Petitioner filed a state application for habeas corpus relief. Ex parte Myers, Appl. No. 68,402-01 at 51. Petitioner requested to withdraw his petition on August 9, 2007. Id. at 63. As a result, Petitioner's first state application was dismissed on October 17, 2007. Petitioner filed his second state application on August 28, 2007. Ex parte Myers, Appl. No. 68,402-02 at 17. The Texas Court of Criminal Appeals denied in part and dismissed in part Petitioner's state writ with written order on January 23, 2008. Id. at cover. Petitioner filed his third state application on October 8, 2007. Ex parte Myers, Appl. No. 68,402-03 at 4. The Texas Court of Criminal Appeals dismissed the third application on January 23, 2008. Id. at cover. Petitioner filed a fourth application on February 27, 2008. Ex parte Myers, Appl. No. 68,402-04 at 16. The Texas Court of Criminal Appeals dismissed the fourth application as successive on April 30, 2008. Id. at cover.

**B.    Factual Background**

The factual background, as related in the State's Brief to the Third Court of Appeals, is as follows:

> Dana Roxanne Rouse, the victim, testified that she and [Petitioner] had dated briefly and that after the relationship ended, she became suspicious about things going on at her home and hired an investigator. In September of 2005, Rouse hired a private investigator, Louis Akin, to perform an electronic sweep of her house to discover any bugs or tapes. Akin described the house as being up on piers, with a crawlspace beneath it. The telephone wires for the home were located in that crawlspace. In the crawlspace, Akin found a telephone wire that had a splice in it connected to a recording device, which was set to record telephone conversations occurring in Dana Rouse's home.
>
> The police were then called. During surveillance for investigating the wire-tapping, Austin Police Officer Scott Stephens observed [Petitioner] positioning himself underneath Dana Rouse's house. [Petitioner] was found with a cassette-recorder in his hand and was arrested.
>
> At trial, Detective Kelly Davenport of the Austin Police Department testified that the house was a pier and beam house with skirting around it. Davenport stated that the crawlspace was a separately secured portion of the house. In addition, she testified that the crawlspace had a hinged-door over it, but no locking mechanism. When asked to elaborate the issue of whether this was a secured area, Davenport responded that it was secured in the sense that the door is shut and the area around it is secured by a fence, and that it was designed to remain shut unless interfered with. Rouse testified that her bedroom was directly above the crawlspace.

State's Brief at 2-3.

**C.    Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. The trial court was without authority to place him on pre-conviction electronic monitoring and force him to pay a monthly fee, after bail was posted;

2. His probation and five-year prison sentences are not being served concurrently, but are being calculated as consecutive sentences; and

3. His conviction violated the prohibition against double jeopardy.

**D.    Exhaustion of State Court Remedies**

Respondent contends Petitioner has not exhausted his state court remedies with respect to his first claim and argues Petitioner's claim is procedurally barred. Respondent does not contest that

3

Petitioner has exhausted his state court remedies regarding the remaining claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised the remaining claims in previous state court proceedings.

**E.      Proper Respondent**

Respondent contends he only has custody over Petitioner with regard to Petitioner's unlawful interception of wire communications conviction for which Petitioner received a prison sentence. Respondent asserts he does not have custody with regard to Petitioner's burglary conviction for which Petitioner is currently on probation. Respondent is of the opinion the Travis County Sheriff is the proper respondent with regard to Petitioner's burglary conviction. As is set out in more detail below, it is unnecessary to add the Travis County Sheriff as an additional respondent.

## DISCUSSION AND ANALYSIS

**A.      The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[1] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. See id. Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings. See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

**B.    Electronic Monitor**

Petitioner argues the trial court was without authority to place him on a pre-conviction electronic monitor and force him to pay a monthly fee after he posted bail. According to Petitioner,

5

bail was set at $150,000.00, and as a condition of the surety bond, Petitioner was placed in home confinement, was ordered to wear and pay for an electronic monitor, and was required to report on a weekly basis or as required by the agency charged with the responsibility to record and supervise Petitioner's compliance. Petitioner asserts he paid approximately $800 in fees for the electronic monitor. Petitioner argues the monitoring fee was not authorized and he should receive credit towards his sentence for the time he was on the electronic monitor.

Respondent incorrectly argues that Petitioner did not present his claim to the Texas Court of Criminal Appeals. Petitioner presented a claim to the Texas Court of Criminal Appeals in his third application for habeas corpus relief that he should be awarded time credit for the time he spent on bond under electronic monitoring because this time is equivalent to confinement. Ex parte Myers, Appl. No. 68,402-03. The Texas Court of Criminal Appeals dismissed Petitioner's claim and explained the appropriate remedy is to require Petitioner to present the issue to the trial court by way of a nunc pro tunc motion. Id. The court further explained if the trial court failed to respond, Petitioner must seek relief in the Court of Appeals by way of a petition for writ of mandamus, unless there is a compelling reason not to do so. Id. Petitioner admits he filed a nunc pro tunc motion but asserts the trial court has failed to act. Petitioner acknowledges he bypassed the Court of Appeals and appears to argue his compelling reason is that his Eighth and Fourteenth Amendment rights may have been violated.

It is clear that Petitioner has not exhausted his claim regarding the electronic monitor. Petitioner admits he failed to comply with the order of the Texas Court of Criminal Appeals. Petitioner's reason for bypassing the state appellate court is far from compelling. However,

Petitioner's claim is not procedurally barred, as suggested by Respondent. Respondent fails to recognize Petitioner still has available state court remedies to address his claim.

Nevertheless, the Court finds that Petitioner's claim is without merit. The primary purpose of an appearance bond is to secure the presence of the defendant in court at his trial. Ex parte Ivey, 594 S.W.2d 98, 99 (Tex. Crim. App. 1980). Conditions placed on a bond serve to further that purpose. Valenciano v. State, 720 S.W.2d 523, 525 (Tex. Crim. App. 1986). Electronic monitoring is a reasonable bond condition because it furthers the paramount purpose of ensuring appellant's appearance at trial, and the fees associated with such monitoring are authorized because it is rationally related to the implementation of that condition. Speth v. State, 939 S.W.2d 769 (Tex. App.-Houston [14th Dist.] 1997, no pet.). In addition, electronic monitoring and home confinement are expressly permitted by statute. See TEX. CRIM. PRO. CODE art. 17.44(a)(1) (West 2004). As the trial judge did have authority to regulate Petitioner's bail release through the imposition of electronic monitoring, his claims are without merit. See also United States v. Salerno, 481 U.S. 739, 753 (1987) (While the primary role of bail is to safeguard the courts' role in adjudicating guilt or innocence, the eighth amendment does not prohibit the government from pursuing other compelling interests through regulation of pretrial release).

**C.     Concurrent Sentences**

Petitioner asserts his probation and five-year prison sentences are not being served concurrently, but are being calculated as consecutive sentences. Petitioner is of the opinion he is being required to serve five years in prison as a condition of his probation.

On state habeas review, the state trial court found that Petitioner's sentences are concurrent. Ex parte Myers, Appl. No. 68,402-02 at 123. Court personnel have confirmed with the Travis

7

County Probation Department that Petitioner's sentences are being run concurrently and Petitioner is receiving credit towards his probation. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner's claim does not warrant federal habeas relief.

**D.     Double Jeopardy**

Petitioner appears to argue that he was subjected to double jeopardy because there is an overlap in the elements of his burglary and unlawful interception of wire communications convictions. On state habeas review the trial court determined:

> Although the [petitioner] was indicted for both (1) burglary of a habitation with <u>intent to commit</u> unlawful interception of wire communication and (2) burglary of a habitation and commission of or attempted commission of unlawful interception of wire communication – two paragraphs included in Count I of the indictment – the jury charge only included the first paragraph of the indictment. See State's Attachments A & B.
>
> Thus, the [petitioner] was convicted of burglary of a habitation with <u>intent to commit</u> unlawful interception of wire communication, and no double jeopardy violation occurred. See Langs v. State, 183 S.W.3d 680, 688 (Tex. Crim. App. 2006) ("a substantive felony and a burglary by entering a home without the consent of the owner and with <u>the</u> <u>intent</u> to commit that felony are two distinct offenses.")

Ex parte Myers, Appl. No. 68,402-02 at 124.

The Double Jeopardy Clause provides that no "person [may] be subject for the same offence to be twice put in jeopardy of life or limb." The Supreme Court has interpreted the clause to protect against multiple prosecutions and multiple punishments for the "same offence." United States v. Cruce, 21 F.3d 70, 72 (5th Cir. 1994) (citing North Carolina v. Pearce, 395 U.S. 711, 717 (1969)). The focus is the "offense" for which the defendant is prosecuted and punished, not the particular

8

conduct criminalized by that offense. See United States v. Flores-Peraza, 58 F.3d 164, 165-66 (5th Cir. 1995). "[T]he test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). Unless each statute requires proof of at least one factual element not also found in the other statute, the statutes "fail" the Blockburger test and the defendant may not be punished under both statutes absent "a clear indication of contrary legislative intent." Flores-Peraza, 58 F.3d at 166 (quoting Whalen v. United States, 445 U.S. 684, 692 (1980)).

Petitioner was convicted of burglary of a habitation with intent to commit an unlawful interception of wire communications and unlawful interception of wire communications. Burglary of a habitation can occur when a person without the effective consent of the owner enters a habitation with intent to commit a felony. See TEX. PENAL CODE § 30.02(a)(1) (West 2004). Unlawful interception of wire communications can occur when a person intentionally intercepts a wire communication. See TEX. PENAL CODE § 16.02(b)(1) (West 2004). The burglary of a habitation offense required entering a habitation without the effective consent of the owner. The unlawful interception of wire communications required the interception of a wire communication. Each provision requires proof of an additional fact which the other does not, thus satisfying the Blockburger test. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

**OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 8th day of June, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE